## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**VICTOR RUIZ,**

                **Plaintiff,**

        **v.**

**CLIENT SERVICES, INC. AND FIA
CARD SERVICES,**

                **Defendants.**

**Case No.:  2:11-cv-4464**

## NOTICE OF MOTION TO DISMISS THE COMPLAINT

TAKE NOTICE the undersigned will apply to the above-named Court at Martin Luther King Building and the U.S. Courthouse, 50 Walnut Street, Newark, NJ  07101 on September 6, 2011 at 10:00 A.M. or as soon thereafter as counsel may be heard for an Order dismissing plaintiff's complaint.

Respectfully submitted,

LUCAS AND CAVALIER, LLC

By: _____

Daniel S. Strick, Esquire
John A. Carleton, Esquire

126 White Horse Pike, 3rd Floor
Haddon Heights, NJ 08035
Tel (856) 546-7172
Fax (856) 546-7110

*Attorneys for Defendant,
Client Services, Inc.*

Date: <u>August 10, 2011</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**VICTOR RUIZ,**

                       **Plaintiff,**

       **v.**

**CLIENT SERVICES, INC. AND FIA
CARD SERVICES,**

                       **Defendants.**

**Case No.:  2:11-cv-4464**

### ORDER

    AND NOW this ___ day of _____, 2011, upon consideration of defendant Client Services Inc.'s motion to dismiss plaintiff's complaint and any responses thereto, it is hereby **ORDERED** and **DECREED** the motion is **GRANTED** and plaintiff's complaint as to Client Services, Inc. is dismissed with prejudice.

                                        BY THE COURT:

                                    _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**VICTOR RUIZ,**

**Plaintiff,**

v.

**CLIENT SERVICES, INC. AND FIA CARD SERVICES,**

**Defendants.**

**Case No.: 2:11-cv-4464**

## CLIENT SERVICES, INC.'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(b)(6)

Defendant Client Services, Inc., by and through its undersigned attorneys, respectfully moves this Court for an order, pursuant to F.R.C.P. 12(b)(6), dismissing the plaintiff's complaint for failure to state a claim. In support of the motion, defendant Client Services, Inc., incorporates the facts and law set forth in the accompanying memorandum of law, along with the exhibits.

Respectfully submitted,

LUCAS AND CAVALIER, LLC

By: _____

Daniel S. Strick, Esquire
John A. Carleton, Esquire

Date: <u>August 10, 2011</u>

126 White Horse Pike, 3rd Floor
Haddon Heights, NJ 08035
Tel (856) 546-7172
Fax (856) 546-7110

*Attorneys for Defendant,*
*Client Services, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

VICTOR RUIZ,

                Plaintiff,

       v.

CLIENT SERVICES, INC. AND FIA
CARD SERVICES,

                Defendant.

**Case No.: 2:11-CV-4464**

## DEFENDANT CLIENT SERVICES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Client Services, Inc. ("CSI") by and through its attorneys LUCAS AND CAVALIER, LLC, respectfully submits this memorandum of law in support of its motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................ ii

I.     INTRODUCTION ........................................................................1

II.   RELEVANT FACTS ....................................................................1

III.  ARGUMENT..................................................................................1

    A.    Motion to Dismiss Legal Standard .......................................1

    B.    Plaintiff's Claims Barred by Statute of Limitations............3

    C.    Requirements of Section 1692g Satisfied ...........................4

IV.  CONCLUSION................................................................................5

# TABLE OF AUTHORITIES

## Cases

Bell Atlantic Corp., et al v. Twombly, 127 S.Ct. 1955 (2007)..................................2

In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410 (3d Cir. 1998)...............2

Lum v. Bank of America, 361 F.3d 217 (3d Cir. 2004), cert. denied, 543 U.S.
    918 (2004)..............................................................................................2

Pension Benefit Guaranty Corp. v. White Consolidated Indus. Inc., 998 F.2d
    1192, (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994)....................................2

Peterson v. Portfolio Recovery Assocs., LLC, 2011 U.S. App. LEXIS 11453
    (3d Cir. N.J. June 6, 2011)..........................................................................3

## Statutes

15 U.S.C. §1692a .....................................................................................1

15 U.S.C. §1692g ............................................................................. 3, 4, 5

15 U.S.C. §1692k(d) ................................................................................3

## Rules

F.R.C.P. 12(b)(6)......................................................................................1

## Treatises

5 C. Wright & A. Miller, Federal Practice & Procedure §1216, pp. 235-236 (3d
    ed. 2004) ...............................................................................................3

## I.  __INTRODUCTION__

Plaintiff initially filed a complaint in State Court asserting a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a et. seq., by defendant CSI.  Plaintiff's basis for the complaint is defendant CSI failed to advise whether it was assigned or purchased the debt.  Plaintiff does not aver any other violations of the FDCPA.  The FDCPA does not require a debt collector to advise the debtor of its relationship to the debt in the initial communication.

## II.  __RELEVANT FACTS__

On or around August 4, 2010 plaintiff contends defendant CSI sent him an initial contact letter.   See plaintiff's complaint attached as Exhibit "A" at ¶8.  However, as plaintiff contends he sent a letter to CSI disputing the debt on May 27, 2010, the initial contact letter was likely sent prior to that time.  See id. at ¶13.  Plaintiff avers the letter lists FIA Card Services ("FIA") as the creditor implying FIA still owns this account as part of the collection process, and if this information is not true CSI has violated the FDCPA.  See id. at ¶9.

## III.  __ARGUMENT__

### A.  __Motion to Dismiss Legal Standard__

When deciding a motion to dismiss under F.R.C.P. 12(b)(6), "a court may properly refer to the factual allegations contained in the complaint, exhibits attached thereto, documents referenced therein, matters of public record, and

undisputedly authentic documents attached as exhibits to the defendant's motion to dismiss if the plaintiffs' claims are based on those documents." <u>Pension Benefit Guaranty Corp. v. White Consolidated Indus. Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993), <u>cert. denied</u>, 510 U.S. 1042 (1994).

While the court must accept as true the factual allegations in the pleadings and must give plaintiff the benefit of every favorable inference that can be drawn from those allegations, this rule has definite limitations. <u>See id</u>. First, allegations that are not supported by the exhibits and other documents relief upon need not be credited. <u>E.g.</u>, <u>Lum v. Bank of America</u>, 361 F.3d 217, 222n.3 (3d Cir. 2004), <u>cert. denied</u>, 543 U.S. 918 (2004); <u>In re Burlington Coat Factory Secs. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1998).

Further, and as the United States Supreme Court explained recently in <u>Bell Atlantic Corp., et al v. Twombly</u>, 127 S.Ct. 1955 (2007), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do,…  Factual allegations must be enough to raise a right to relief above the speculative level, " and render allegations of wrongdoing "plausible"; put another way, the factual allegations of the complaint must "possess enough heft to 'show that the pleader is entitled to relief.'" <u>Id</u>. at 1965-66.  As the Supreme Court explained, "[t]he pleading must contain something *more* … than … a statement of

facts that merely creates a *suspicion* [of] a legally cognizable right of action" at 1965 [ellipses of the Court; emphasis added; *quoting* 5 C. Wright & A. Miller, Federal Practice & Procedure §1216, pp. 235-236 (3d ed. 2004)].

### B.   Plaintiff's Claims Barred by Statute of Limitations

The statute of limitations for FDCPA claims is one year.  See 15 U.S.C. §1692k(d).  "There can only be *one* 'initial communication' between a debt collector and a consumer, and any communication that follows the 'initial communication' is necessarily *not* an 'initial' communication.  See Peterson v. Portfolio Recovery Assocs., LLC, 2011 U.S. App. LEXIS 11453 (3d Cir. N.J. June 6, 2011) (emphasis in original) (citations omitted).  Plaintiff asserts defendant CSI failed to comply with the requirements of Section 1692g(a) relating to the initial communication.  The FDCPA statute of limitations begins to run on the date of the debt collector's last opportunity to comply with the Act.  See id. (citations omitted).  The statutory "initial communication" was the last opportunity to comply with Section 1692g(a).  See id. (citations omitted).  On or around August 4, 2010 plaintiff contends defendant CSI sent him an initial contact letter. See plaintiff's complaint attached as Exhibit "A" at ¶8.  However, as plaintiff contends he sent a letter to CSI disputing the debt on May 27, 2010, the initial contact letter was likely sent prior to that time.  See id. at ¶13.  Plaintiff's

complaint was filed with the Superior Court for Hudson County on July 11, 2011.

Therefore, plaintiff's claims are barred by the statue of limitations.

### C.   Requirements of Section 1692g Satisfied

Section 1692g establishes what must be contained in an initial letter.

Section 1692g(a) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing - -
>
> (1)   the amount of the debt;
>
> (2)   the name of the creditor to whom the debt is owed;
>
> (3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will assumed to be valid by the debt collector;
>
> (4)   a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5)   a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer

> with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §1692g(a).   All of this information was contained in the initial correspondence.

There is no requirement the debt collector disclose its relationship to the debt, whether it is servicing the debt for another or whether it purchased the debt. There is no case law expanding what must be contained in the initial communication to the debtor.  At no time during the aforementioned thirty day period did plaintiff contact defendant for any reason.  Accordingly, defendant CSI fully complied with the requirements of Section 1692(g).

## IV.   CONCLUSION

Plaintiff's claims are barred by the statute of limitations which expired before plaintiff filed his complaint.

Additionally, defendant is under no obligation to advise plaintiff of its relationship to the debt pursuant to any provision of the FDCPA.  Accordingly, plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff's factual allegations are not enough to raise a right to relief above the speculative level as required by the new standard as espoused by Bell Atlantic Corp., et al v. Twombly.

WHEREFORE, defendant Client Services, Inc. respectfully requests this Honorable Court dismiss the complaint with prejudice in the form of order submitted.

Respectfully submitted,

LUCAS AND CAVALIER, LLC

By: _____

Daniel S. Strick, Esquire
John A. Carleton, Esquire

Date: August 10, 2011

126 White Horse Pike, 3rd Floor
Haddon Heights, NJ 08035
Tel (856) 546-7172
Fax (856) 546-7110

**Attorneys for Defendant,
Client Services, Inc.**

I:\Ruiz\pleading\Memo in support of motion to dismiss.doc

EXHIBIT "A"

**SPECIAL CIVIL PART SUMMONS AND RETURN OF SERVICE – FORM B – PAGE 2**

RECEIVED
7/22/11
DPP

**Plaintiff or Plaintiff's Attorney Information:**

Name:

Law Office of Matthew Rose

Address:

209 Main Street
Fort Lee, NJ, 07024

Telephone No.: (201) 482 - 8111

Victor Ruiz

, Plaintiff(s)

versus

Client Services Inc

FIA Card Services , Defendant(s)

| | |
|---|---|
| Demand Amount: | $ 10000 |
| Filing Fee: | $ 50 |
| Service Fee: | $ |
| Attorney's Fees: | $ |
| TOTAL | $ 10050 |

BATCH # 632
RECEIVED DATE 7-8-11
CA / CK / MO / CG
CK/CG ACCT # 1545
AMOUNT 66

**SUPERIOR COURT OF NEW JERSEY**
**LAW DIVISION, SPECIAL CIVIL PART**

HUDSON COUNTY

595 Newark Avenue
Jersey City, NJ 07306

(201) 795 -6000

Docket No: **DC-015135-11**
(to be provided by the court)

**Civil Action**
**SUMMONS**

(Circle one): ☒ Contract   or   ☐ Tort

**Defendant(s) Information:  Name, Address & Phone:**

Client Services Inc
3451 Harry Truman Blvd, St Charles, MO 63301-4047

FIA Card Services NA
PO BOX 15019, Wilimington, DE 19850-5019

**Date Served:  07/14/2011**

### RETURN OF SERVICE IF SERVED BY COURT OFFICER (For Court Use Only)

Docket Number: _____ Date: _____ Time: _____
WM___ WF___ BM___ BF___ OTHER___ HT___ WT___ AGE___ MUSTACHE___ BEARD___ GLASSES___
NAME: _____ RELATIONSHIP:_____
Description of Premises: _____

I hereby certify the above to be true and accurate:

_____Court Officer

### RETURN OF SERVICE IF SERVED BY MAIL (For Court Use Only)

I, Maria Garde, hereby certify that on 07/14/2011, I mailed a copy of the within summons and complaint by regular and certified mail, return receipt requested.

_____
Employee Signature

JUL 21 2011
RECEIVED

209 Main Street 2nd Floor
Fort Lee, NJ, 07024
(201 482-8111 – Telephone
(201) 482-8190 – Facsimile
Attorneys for Plaintiff
      Victor Ruiz

# SUPERIOR COURT OF NEW JERSEY
# LAW DIVISION SPECIAL CIVIL PART
# HUDSON COUNTY

|  |  |
|---|---|
| Victor Ruiz<br>Plaintiff,<br><br><br>v.<br><br><br><br>Client Services, Inc.<br>FIA Card Services<br>Defendant (s). | Docket No.   DC-015135-11<br><br><br>MEMORANDUM OF LAW IN<br>SUPPORT OF PLAINTIFF'S<br>COMPLAINT |

On the Brief:

Yaakov Saks Esq.

Yaakov Saks, of full age, hereby certifies as follows:

**Complaint**

1. This is an action under the **Fair Debt Collection Practices Act**, hereinafter "FDCPA," 15 U.S.C. § 1692(a) against debt collectors Client Services, Inc.

2. This is an action under the **Fair Credit Reporting Act**, hereinafter "FCRA," 15 U.S.C. §1681s-2, against defendants FIA Card Services.

**Parties**

3. The Plaintiff is Victor Ruiz, an adult residing in Hudson County.

4. Defendant Client Services, Inc. "Client Services", located at 3451 Harry Truman Blvd, St. Charles, MO 63301-4047 is a debt collector.

5. Defendant FIA Card Services "FIA" is located at 1000 Samoset Drive, Wilmington, DE 19884.

6. Defendant Client Services is "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

7. The Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (3).

**Factual Allegations**.

8. On August 4, 2010 Client Services sent plaintiff an initial contact letter.

9. In their initial contact letter, Client Services lists FIA as the creditor implying that FIA still owns this account and is part of the collection process. If this information is not true then Client Services has violated the FDCPA.

10. No where on the letter does Client Services provide an account number that has ever belonged to Victor Ruiz. Despite this, Client Services continued collection efforts, attempting to collect the debt by providing a vague reference number 012187852.

11. The defendant states in the letter that the plaintiff's account has been placed in "prelegal status" in their organization, misrepresenting the legal standing of the debt as well as Client Service's ability to file suit on this debt since Client Services is not a law firm licensed to practice in NJ.

12. The letter also states that the account "has been placed" with Client Services, Inc. This language is ambiguous and does not define the nature of Client Services' claim to the debt owed.

13. Additionally Client Services and or FIA have violated the FCRA by having this debt on the plaintiff's credit report despite the fact that a letter disputing this debt was sent to Client Services on May 27, 2010.

14. Finally, defendant Client Services has failed to validate the debt, ignoring the debt validation request sent on May 27, 2010.

**Claims for Relief**

The FDCPA § 807(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Client Services is illegally attempting to collect on a debt that does not belong to the plaintiff Victor Ruiz. The letter provides reference number 012187852 yet never provides any account number that has ever belonged to Victor Ruiz. Not only are they

attempting to collect this money from him, but the defendant has also illegally and falsely reported this information to credit agencies.

FDCPA § 807(a)(1) prohibits the false representation of the legal status of any debt. The defendant states that the plaintiff's account has been placed in a "prelegal status" in their organization. This type of threat is illegal since Client Services are not attorneys who are licensed to practice in New Jersey and therefore can not personally take legal action against the plaintiff or act as if they are capable of doing so.

The FDCPA states in § 812. (a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating. The initial contact letter was written to completely deceive the consumer as to who owned this debt at this time, and as to their ability to dispute the debt. The letter states that the account "has been placed" with Client Services, Inc. This language is ambiguous and does not define the nature of Client Services' claim to the debt owed.

An average consumer, let alone the least sophisticated consumer, and more specifically in the case at hand one of Spanish origin who is not fluent in English, would be completely confused and deceived by this letter. It does not explain how the defendant acquired this debt, or if they own it at all. If the debt is not owned, then the letter contained no proof or claim of assignment by the original creditor.

Client Services and/or FIA is liable under FCRA 15 U.S.C. § 1681s-2. This debt is being reported illegally on the credit report by the party in charge of furnishing credit

information. This is an account that was disputed in a letter sent to Client Services on

May 27, 2010 and the credit report is still not reflecting this dispute of the account. If

Client Services is not the party in charge of furnishing information to the credit agencies

it should update the original creditor that they are required to do so.

As a result of the above violations of the FDCPA, and FCRA the defendant is

liable to the Plaintiff for actual damages, statutory damages which can be up $1,000 per

violation of the FDCPA, as well as $1,000 per violation of the FCRA and costs and

attorneys fees.

Wherefore, Plaintiff respectfully submits that judgment in a sum of $10,000 to be entered

against the Defendants for the following:

    A.  Actual Damages resulting from the drop in the Plaintiff's credit score, and his inability to continue his normal way of life.

    B.  Actual damages in the form of emotional damages for the stress and placed upon the plaintiff from all the unnecessary collection efforts

    C.  Statutory Damages pursuant to 15 U.S.C. § 1692(k) up to $1000 per violation.

    D.  Statutory Damages under 15 U.S.C. § 1681 up to $1000 per violation.

    E.  Filing and attorneys fees.

    F.  For such other and further relief as may be just and proper.

Respectfully submitted,               Law Offices of Matthew E. Rose Esq.

Attorneys for Plaintiff
Victor Ruiz
By:__ Yaakov Saks _ June 22, 2011

Rule 4:51-1 Certification
    The undersigned attorneys for the plaintiff certify that the matter in controversy is
not the subject of any other action pending in any Court or a pending arbitration
proceeding, nor is any other action or arbitration proceeding contemplated. I certify that
confidential person identifies have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with
Rule 1:38-7b.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

Date: _06/21/2011_        Signature: _____

_____

The Law Offices of Matthew E. Rose
209 Main Street 2nd Floor
Fort Lee, NJ, 07024
(201 482-8111 – Telephone ext 136
(201) 482-8190 – Facsimile

## Out of State Certification

Yaakov Saks, of full age, hereby certifies as follows:

1. Defendant Fia Card Services NA is located at PO BOX 15019, Wilmington, DE

19850-5019

2. Associated Fia Card Services NA does not have an address in New Jersey, but is

subject to jurisdiction in New Jersey since it does business in the State.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

Date: 06/21/2011          Signature: _____

Yaakov Saks

The Law Offices of Matthew E. Rose
209 Main Street 2nd Floor
Fort Lee, NJ, 07024
(201 482-8111 – Telephone ext 136
(201) 482-8190 – Facsimile

## Out of State Certification

Yaakov Saks, of full age, hereby certifies as follows:

1. Defendant Client Services Inc is located at 3451 Harry Truman Blvd, St Charles, MO

63301-4047

2. Associated Client Services Inc does not have an address in New Jersey, but is subject

to jurisdiction in New Jersey since it does business in the State.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the

foregoing statements made by me are willfully false, I am subject to punishment.

Date: _06/21/2011_          Signature: _____

_Yaakov Saks_

---

# THE SUPERIOR COURT OF NEW JERSEY
## Law Division, Special Civil Part

# SUMMONS

---

### YOU ARE BEING SUED!

**IF YOU WANT THE COURT TO HEAR YOUR SIDE OF THIS LAWSUIT, YOU MUST FILE A WRITTEN ANSWER WITH THE COURT WITHIN 35 DAYS OR THE COURT MAY RULE AGAINST YOU. READ ALL OF THIS PAGE AND THE NEXT PAGE FOR DETAILS.**

In the attached complaint, the person suing you (who is called *the plaintiff*) briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. **You are cautioned that if you do not answer the complaint, you may lose the case automatically,** and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment and the judgment is valid for 20 years.

You can do one or more of the following things:

1. *Answer the complaint.* An answer form is available at the Office of the Clerk of the Special Civil Part. The answer form shows you how to respond in writing to the claims stated in the complaint. If you decide to answer, you must send it to the court's address on page 2 and pay a $ **15.00**        filing fee with your answer and send a copy of the answer to the plaintiff's lawyer, or to the plaintiff if the plaintiff does not have a lawyer. Both of these steps must be done **within 35 days (including weekends)** from the date you were "served" (sent the complaint). That date is noted on the next page.

### AND/OR

2. *Resolve the dispute.* You may wish to contact the plaintiff's lawyer, or the plaintiff if the plaintiff does not have a lawyer, to resolve this dispute. **You do not have to do this unless you want to.** This may avoid the entry of a judgment and the plaintiff may agree to accept payment arrangements, which is something that cannot be forced by the court. Negotiating with the plaintiff or the plaintiff's attorney will not stop the 35 day period for filing an answer unless a written agreement is reached and filed with the court.

### AND/OR

3. *Get a lawyer.* If you cannot afford to pay for a lawyer, free legal advice may be available by contacting Legal Services at _____ **(201) 792-6363** _____. If you can afford to pay a lawyer but do not know one, you may call the Lawyer Referral Services of your local county Bar Association at _____ **(201) 798-2727** _____

If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

**La traducción al español se encuentra al dorso de esta página.**

Clerk of the Special Civil Part

**Powered by HotDocs®**

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 1

## EL TRIBUNAL SUPERIOR DE NUEVA JERSEY
### División de Derecho, Parte Civil Especial

### NOTIFICACIÓN DE DEMANDA

### ¡LE ESTÁN HACIENDO JUICIO!
**SI UD. QUIERE QUE EL TRIBUNAL VEA SU VERSIÓN DE ESTA CAUSA, TIENE QUE PRESENTAR UNA CONTESTACIÓN ESCRITA EN EL TRIBUNAL DENTRO DE UN PERÍODO DE 35 DÍAS O ES POSIBLE QUE EL TRIBUNAL DICTAMINE EN SU CONTRA. PARA LOS DETALLES, LEA TODA ESTA PÁGINA Y LA QUE SIGUE.**

En la demanda adjunta, la persona que le está haciendo juicio (que se llama *el demandante*) da al juez su versión breve de los hechos del caso y la suma de dinero que alega que Ud. le debe. **Se le advierte que si Ud. no contesta la demanda, es posible que pierda la causa automáticamente y el tribunal dé al demandante lo que pide más intereses y costas.** Si se registra una decisión en su contra, es posible que un Oficial de la Parte Civil Especial (Special Civil Part Officer) embargue su dinero, salario o bienes muebles para pagar toda o parte de la adjudicación, y la adjudicación tiene 20 años de vigencia.

Usted puede escoger entre las siguientes opciones:

1. *Contestar la demanda.* Puede conseguir un formulario de contestación en la Oficina del Secretario de la Parte Civil Especial. El formulario de contestación le indica cómo responder por escrito a las alegaciones expuestas en la demanda. Si Ud. decide contestar, tiene que enviar su contestación a la dirección del tribunal que figura en la página 2, pagar un gasto de iniciación de la demanda de **$ 15.00** dólares y enviar una copia de la contestación al abogado del demandante, o al demandante si el demandante no tiene abogado. **Tiene 35 días (que incluyen fines de semana) para hacer los trámites a partir de la fecha en que fue "notificado"** (le enviaron la demanda). Esa fecha se anota en la página que sigue.

### ADEMÁS, O DE LO CONTRARIO, UD. PUEDE

2. *Resolver la disputa.* Posiblemente Ud. quiera comunicarse con el abogado del demandante, o el demandante si el demandante no tiene abogado, para resolver esta disputa. **No tiene que hacerlo si no quiere.** Esto puede evitar que se registre una adjudicación y puede ser que el demandante esté de acuerdo con aceptar un convenio de pago lo cual es algo que el juez no puede imponer. Negociaciones con el demandante o el abogado del demandante no suspenderán el término de 35 días para registrar una contestación a menos que se llegue a un acuerdo escrito que se registra en el tribunal.

### ADEMÁS, O DE LO CONTRARIO, UD. PUEDE

3. *Conseguir un abogado.* Si Ud. no tiene dinero para pagar a un abogado, es posible que pueda recibir consejos legales gratuitos comunicándose con Servicios Legales (Legal Services) al **(201) 792-6363**. Si tiene dinero para pagar a un abogado pero no conoce ninguno puede llamar a Servicios de Recomendación de Abogados (Lawyer Referral Services) del Colegio de Abogados (Bar Association) de su condado local al **(201) 798-2727**.

Si necesita un intérprete o alguna acomodación para un impedimento, tiene que notificárselo inmediatamente al tribunal.

_____
Secretario de la Parte Civil Especial

34s – Summons and Return of Service Special Civil Part (except Landlord/Tenant and Small Claims) Appendix XI-A(1).
Rev. 9/3/02   P3/07

Powered by HotDocs®

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 1

# TRIAL ADJOURNMENT PROCEDURE
## FOR HUDSON COUNTY

Until further notice, the following procedure is to be followed when requesting an adjournment of a scheduled trial date in the Superior Court, Law Division Civil or Special Civil Part.

Any request for an adjournment in the Law Division Civil is to be made in writing or by FAX [(201) 217-5249], addressed to Antoinette Outwater, Civil Division Manager, attention Tracey Pignatelli, Trial Calendar Coordinator, 583 Newark Avenue, Jersey City, New Jersey, 07306. For a trial date scheduled in the Special Civil Part, the adjournment request is to be directed to Rupert Haller, Assistant Civil Division Manager, attention Donna Koncewicz, Special Civil, again in writing or by FAX [(201) 795-6053]. Requests are to include the following information:

  a) Name of case and docket number;
  b) Scheduled trial date;
  c) Name of party requesting the adjournment;
  d) The specific reason(s) for the adjournment; and
  e) A representation to the court that the requesting party has informed all other parties of the request for adjournment.

The party requesting the adjournment should first contact all adversaries advising them of the trial readiness problem and attempt to reach an agreement as to when all parties will be ready to proceed with the trial not later than 30 days after the date presently scheduled. This will require all involved persons to contact their respective clients and witnesses. The requesting party should advise in the letter requesting the adjournment that he/she has conversed with all other parties and that they have or have not consented to the adjournment request and/or have or have lot agreed upon a new trial date.

No one should assume that the adjournment request will be granted. Adjournments shall be confirmed or denied by the court by telefax or telephone communication to the party who requested the adjournment. **For your information, your request for any adjournment will be initially acted upon by a court staff person. If you are aggrieved by the determination that is made, you should then request that your application be presented to the Presiding Judge for consideration. In that event, the Presiding Judge will make the ultimate decision on your adjournment request and you will be advised accordingly.** It shall then be the obligation of the requesting party to timely advise all other parties whether the adjournment request was granted or denied and, if granted, to advise of the new trial date fixed by the court.

**All requests for adjournment of hearings, trials and complementary dispute resolution events shall be made to the clerk's office as soon as the need is known, but absent good cause for the delay not less than 5 days before the scheduled court event. (R 6:4-7)**

If an attorney is designated as trial counsel and is actually in trial elsewhere in the Superior Court, Hudson County will mark its case Aready hold≈, subject to counsel's trial availability. Likewise, if an attorney is designated as trial counsel and is scheduled for trial on an older case on the same day but in a different county, then Hudson County will mark its case Aready hold≈, subject to counsel's disposition of the older case.

Effective: May 2003 (revised 03/04/09)                    Peter Bariso, J.S.C.

## CERTIFICATE OF SERVICE

I, Daniel S. Strick, Esquire, hereby certify on this date a true copy of defendant Client

Services, Inc.'s motion to dismiss plaintiff's complaint with supporting memorandum of law and

proposed order were served on the below date upon the following by Electronic Filing and/or

Regular Mail:


Yaakov Saks, Esquire
**The Law Office of Matthew E. Rose**
209 Main Street, 2nd Floor
Fort Lee, NJ  07024
***Attorney for Plaintiff***

Regular mail to:

FIA Card Services
PO Box 15019
Wilmington, DE 19850-5019
***Defendant***



Daniel S. Strick, Esquire


Dated:  <u>August 10, 2011</u>


I:\Ruiz\pleading\motion to dismiss complaint.doc